UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 2:03-CR-5 |
| | § | |
| CEDRIC SINGLETON | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On May 2, 2007, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Wayne Dickey.

Cedric Dewayne Singleton was sentenced on September 19, 2003, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of ten (10) years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of V, was 37 to 46 months. Cedric Dewayne Singleton was subsequently sentenced to forty (40) months in prison followed by three (3) years supervised release subject to the standard conditions of release, plus special conditions to include participate in a program of testing and treatment for drug abuse as directed by the probation officer, and provide the probation officer with access to any requested financial information for the purpose of monitoring his ability to obtain and maintain employment. On November 10, 2005, Cedric Dewayne Singleton completed his period of imprisonment and began service of the supervision term.

On March 2, 2007, the instant petition to revoke was filed. In its petition, the Government

alleges Defendant violated the following conditions:

1) Defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows. The defendant was arrested in Dallas, Texas, on April 30, 2006. He was charged with unlawful possession of a controlled substance and evading arrest/detention.

2) Defendant shall not illegally possess a controlled substance. Specifically, the Government alleges as follows. The defendant was arrested in Dallas, Texas, on April 30, 2006, and charged with unlawful possession of a controlled substance. He was convicted of the same offense on July 6, 2006.

3) Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. Specifically, the Government alleges as follows. Defendant submitted a urine specimen on November 14, 2005. The specimen tested positive for marijuana.

4) Defendant shall not leave the judicial district without permission of the Court or probation officer. Specifically, the Government alleges as follows. Defendant was arrested on April 30, 2006, in Dallas, Texas. Dallas is in the Northern District of Texas. The defendant was not given permission to leave the Eastern District of Texas.

5) Defendant shall report to the probation officer as directed by the Court of probation officer and shall submit a truthful and complete written report within the first five days of each month. Specifically, the Government alleges as follows. The defendant failed to report as directed by the probation officer on January 11, 2006. He failed to submit a truthful and complete monthly report within the first five days of December 2005, January 2006, February 2006, March 2006, and April

2006.

6) The defendant shall participate in a program of testing and treatment for drug abuse as directed by the probation officer until such time as the defendant is released from the program by the probation officer. Specifically, the Government alleges as follows. The defendant failed to submit a urine specimen on December 12, 2005, December 14, 2005, January 5, 2006, January 19, 2006, February 8, 2006, and February 16, 2006.

The Court scheduled a revocation hearing May 2, 2007. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the first, second, and third allegations as set forth above. After his plea of true to the first, second, and third allegations, the Government abandoned the remaining allegations. Based upon the Defendant's plea of true to the allegations and with no objection by the Defendant or the Government, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty (20) months, consecutive to the term of imprisonment the defendant is currently serving in Cause F-0665330-TQ, with no term of supervised release to follow such term of imprisonment. The Court further recommended the Court request that Defendant be allowed to serve his term of imprisonment at the Federal Correctional Institute in Seagoville, Texas. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the first three allegations as set forth in the Government's petition be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty (20) months, consecutive to the term of imprisonment the defendant is currently serving in Cause F-0665330-TQ, with no term of supervised release to follow such term of imprisonment.  It is further

**RECOMMENDED** that the Court request that Defendant be allowed to serve his term of imprisonment at the Federal Correctional Institute in Seagoville, Texas.

The parties were informed of the right to file objections to the recommendations as set forth above.  Both parties waived their objections.

**SIGNED this 7th day of May, 2007.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE